UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CIRIACO PUCILLO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) C.A. No.::03-CV-12359 MLW |
| | ) |
| METSO PAPER, INC. AND | ) |
| VALMET CONVERTING, INC. | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT METSO PAPER, INC.

Defendant Metso Paper, Inc. ("Metso Paper"), by and through counsel, hereby files this Answer to Plaintiff's Complaint and states as follows:

### FIRST DEFENSE

Plaintiff's Complaint is barred in whole or in part for lack of personal jurisdiction.

### SECOND DEFENSE

Plaintiff's Complaint is barred in whole or in part under the doctrine of forum non-conveniens.

### THIRD DEFENSE

Plaintiff's Complaint is barred in whole or in part due to insufficiency of process and insufficiency of service of process upon Metso Paper.

### FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim against Metso Paper upon which relief can be granted.

DC #156836 v1

## **FIFTH DEFENSE**

In response to the specific allegations set forth in the Complaint in separately numbered paragraphs, Metso Paper states as follows:

## **ANSWERS TO ALLEGATIONS**

### **PARTIES**

1.   Metso Paper lacks knowledge or information sufficient to form a belief as the truth of the allegations of this paragraph and on that basis denies each and every allegation contained therein.

2.   Metso Paper denies the allegations contained in this paragraph, except to admit that Metso Paper is a Finnish corporation having its principal place of business in Helsinki, Finland.

3.   Denied.

4.   Metso Paper denies each and every allegation contained in this paragraph as it applies to it. Metso Paper lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants and on that basis denies each and every allegation contained therein.

### **FACTS**

5.   In response to the allegations incorporated or realleged herein, Metso Paper incorporates and realleges its responses to paragraphs 1 though 4.

6.   Metso Paper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

7. Metso Paper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

8. Metso Paper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

9. Metso Paper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

10. Metso Paper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

11. Metso Paper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

12. Metso Paper lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

## COUNT I -- NEGLIGENCE

13. In response to the allegations incorporated or realleged herein, Metso Paper incorporates and realleges its responses to paragraphs 1 through 12.

14. Metso Paper denies that it engaged in negligent or careless conduct in all respects, and denies all claims of liability. Metso Paper specifically denies all allegations contained in this paragraph, and all subparagraphs hereto.

15. Denied.

Metso Paper denies that Plaintiff is entitled to any relief whatsoever from Metso Paper, including the relief prayed for in the paragraph beginning with the word "WHEREFORE."

To the extent not otherwise addressed in the preceding paragraphs, any remaining allegations are hereby denied.

## SIXTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of assumption of risk.

## SEVENTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrines of intervening and/or superseding cause.

## EIGHTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by Plaintiff's contributory negligence.

## NINTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the failure to follow product instructions.

## TENTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by Plaintiff's failure to follow safety instructions, warnings and procedures for proper use of the equipment.

## ELEVENTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because of unforeseen product misuse and/or improper equipment modification.

## TWELFTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of sophisticated user.

## THIRTEENTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff's injuries and harm, if any, were solely caused by matters or conditions not under Metso Paper's control, or by the conduct of parties over which Metso Paper had no control.

## FOURTEENTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because any claimed defect was open and obvious.

## FIFTEENTH DEFENSE

Upon information and belief, Plaintiff's lack of reasonable care for Plaintiff's own well-being was the sole cause of, or contributed to, the injuries, losses and/or damages alleged in the Complaint, and by reason thereon, Plaintiff must be barred, in whole or in part, from recovering all or that portion of any damages attributable to Plaintiff's lack of reasonable care.

## SIXTEENTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because the losses, harms, injuries or damages alleged in the Complaint, if any, were proximately caused solely by the acts, omissions, negligence, wanton conduct, or breach of obligations by persons or entities other than Metso Paper.

## SEVENTEENTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Metso Paper did not proximately cause any of the losses, damages, injuries or harms, if any, alleged in the Complaint.

**WHEREFORE**, the Defendant, Metso Paper, respectfully requests that this Honorable Court:

    a. dismiss the Plaintiff's Complaint in its entirety;

    b. award the Defendant its attorney's fees, costs and any other relief deemed fair and just.

Dated: December 2, 2003                    Respectfully Submitted,

*[signature]*

Mark Petersen, Esq. (B.B.O. #396840)
Michelle Hansen, Esq. (B.B.O. #561477)
490 Shrewsbury Street
Worcester, MA 01604
(508) 791-0300

and

David L. Kelleher, Esq. (B.B.O. #543912)
THELEN REID & PRIEST LLP
701 Pennsylvania Ave, NW Suite 800
Washington, DC 20004
(202) 508-4000

*Attorneys for Defendant Metso Paper, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December 2003, a copy of the Answer of Defendant Metso Paper, Inc. was sent by first class mail, postage prepaid to:

> Maureen Couninhan, Esq.
> Greene & Hoffman, P.C.
> 125 Summer Street
> 14th Floor
> Boston, MA  02110

_____
Michelle M. Hansen

DC #156836 v1