UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CIRIACO PUCILLO,<br><br>Plaintiff,<br><br>vs.<br><br>METSO PAPER, INC. AND<br>VALMET CONVERTING, INC.<br><br>Defendants. | C.A. No.: 03-CV-12359 MLW |

## ANSWER OF DEFENDANT VALMET CONVERTING, INC.

Defendant Valmet Converting, Inc. ("Valmet"), by and through counsel, hereby files this Answer to Plaintiff's Complaint and states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Valmet upon which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations set forth in the Complaint in separately numbered paragraphs, Valmet states as follows:

### ANSWERS TO ALLEGATIONS

### PARTIES

1.  Valmet lacks knowledge or information sufficient to form a belief as the truth of the allegations of this paragraph and on that basis denies each and every allegation contained therein.

2. Valmet denies the allegations contained in this paragraph, except to admit that Defendant Metso Paper, Inc. ("Metso Paper") is a Finnish corporation having its principal place of business in Helsinki, Finland.

3. Denied.

4. Valmet denies each and every allegation contained in this paragraph as it applies to it, but does not dispute specific jurisdiction over the claim presently framed by the Complaint. Valmet lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants and on that basis denies each and every allegation contained therein.

## FACTS

5. In response to the allegations incorporated or realleged herein, Valmet incorporates and realleges its responses to paragraphs 1 through 4.

6. Valmet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

7. Valmet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

8. Valmet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

DC #156105 v1

9. Valmet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

10. Valmet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

11. Valmet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

12. Valmet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies each and every allegation contained therein.

## COUNT I -- NEGLIGENCE

13. In response to the allegations incorporated or realleged herein, Valmet incorporates and realleges its responses to paragraphs 1 through 12.

14. Valmet denies that it engaged in negligent or careless conduct in all respects, and denies all claims of liability. Valmet specifically denies all allegations contained in this paragraph, and all subparagraphs hereto.

15. Denied.

Valmet denies that Plaintiff is entitled to any relief whatsoever from Valmet, including the relief prayed for in the paragraph beginning with the word "WHEREFORE."

To the extent not otherwise addressed in the preceding paragraphs, any remaining allegations are hereby denied.

## THIRD DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of assumption of risk.

## FOURTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrines of intervening and/or superseding cause.

## FIFTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by Plaintiff's contributory negligence.

## SIXTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the failure to follow product instructions.

## SEVENTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by Plaintiff's failure to follow safety instructions, warnings and procedures for proper use of the equipment.

## EIGHTH DEFENSE

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because of unforeseen product misuse and/or improper equipment modification.

**NINTH DEFENSE**

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of sophisticated user.

**TENTH DEFENSE**

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff's injuries and harm, if any, were solely caused by matters or conditions not under Valmet's control, or by the conduct of parties over which Valmet had no control.

**ELEVENTH DEFENSE**

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because any claimed defect was open and obvious.

**TWELFTH DEFENSE**

Upon information and belief, Plaintiff's lack of reasonable care for their own well-being was the sole cause of, or contributed to, the injuries, losses and/or damages alleged in the Complaint, and by reason thereon, Plaintiff must be barred, in whole or in part, from recovering all or that portion of any damages attributable to its lack of reasonable care.

**THIRTEENTH DEFENSE**

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because the losses, harms, injuries or damages alleged in the Complaint, if any, were proximately caused solely by the acts, omissions, negligence, wanton conduct, or breach of obligations by persons or entities other than Valmet.

## **FOURTEENTH DEFENSE**

Upon information and belief, the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Valmet did not proximately cause any of the losses, damages, injuries or harms, if any, alleged in the Complaint.

**WHEREFORE**, the Defendant, Valmet, respectfully requests that this Honorable Court:

a. dismiss the Plaintiff's Complaint in its entirety;

b. award the Defendant its attorney's fees, costs and any other relief deemed fair and just.

Dated: December 2, 2003                                  Respectfully Submitted,

_____
Mark Petersen, Esq. (B.B.O. #396840)
Michelle Hansen, Esq. (B.B.O. #561477)
490 Shrewsbury Street
Worcester, MA 01604
(508) 791-0300

and

David L. Kelleher, Esq. (B.B.O. #543912)
THELEN REID & PRIEST LLP
701 Pennsylvania Ave, NW Suite 800
Washington, DC 20004
(202) 508-4000

*Attorneys for Defendant Valmet Converting, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December 2003, a copy of the Answer of Defendant Valmet Converting, Inc. was sent by first class mail, postage prepaid to:

> Maureen Couninhan, Esq.
> Greene & Hoffman, P.C.
> 125 Summer Street
> 14th Floor
> Boston, MA  02110

_____
Michelle M. Hansen