UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CIRIACO PUCILLO,<br>     Plaintiff,<br><br>v.<br><br>METSO PAPER INC. AND<br>VALMET CONVERTING, INC.<br>     Defendants. | Case No. 03-CV-12359 MLW |

## LOCAL RULE 16.1(d) JOINT STATEMENT

In accordance with Local Rule 16.1(d), the parties, by and through their undersigned counsel, and after consideration of the topics contemplated by Fed. R. Civ. P. 16(b) and (c) and 26(f), hereby submit this Joint Statement, setting forth the parties' proposed pretrial schedule.

### Factual Background

This case arises out of injuries allegedly suffered by Plaintiff Ciriaco Pucillo on or about March 22, 2002, while Plaintiff was operating an Atlas/Valmet Slitter Rewinder machine, as a employee of Proma Technologies, Inc. in Franklin, Massachusetts. Plaintiff filed a Complaint against Defendants on October 28, 2003, asserting that Plaintiff was injured due to Defendants' negligence. The parties have engaged in, and will continue to engage in, reasonable investigations into the events surrounding Plaintiff's alleged injuries, including securing certain records from Proma Technologies.

On May 12, 2004, and in subsequent correspondence, counsel for the parties conferred regarding preparing an agenda for matters to be discussed at the parties' scheduling conference, preparing a proposed pretrial schedule, and considering whether

the parties would consent to trial by magistrate judge, in compliance with Local Rule 16.1(b).

Thereafter, on May 25, 2004, Plaintiff's counsel presented a written settlement proposal to Defendants, in compliance with Local Rule 16.1(c).

The scheduling conference in this case has been set for June 21, 2004.

### **Proposed Pretrial Schedule**

As required by Local Rule 16.1(d), the parties now jointly propose the following pretrial schedule:

### **Initial Disclosures:**

All parties shall serve Initial Disclosures, as contemplated by Rule 26(a)(1), by June 30, 2004.

### **Discovery Plan:**

As suggested by Local Rule 16.1, the parties have proposed a two phased discovery plan designed to enhance the opportunities for early case assessment and resolution prior to expert discovery and trial preparation.

### **Phase I:**

Discovery during this phase is intended to develop information needed by the parties for a realistic assessment of the case. This discovery will focus on the facts and circumstances of Plaintiff's accident and the alleged equipment malfunction, including historical information relating to equipment design, equipment modifications, equipment care and maintenance, equipment usage and operational history, Plaintiff's training and instructions and Plaintiff's activities on the day of the incident. It is likely that a significant amount of this discovery will require discovery from non-parties. Also

included in this phase will be discovery directed at determining the extent and amount of Plaintiff's claimed damages.

This discovery will likely include interrogatories, document requests and depositions of parties and non-parties. The parties will complete interrogatories and basic document discovery by October 31, 2004. Any necessary motions to compel production of documents will be filed promptly. The parties may serve further requests for documents, as needed, through December 30, 2004. The parties may also seek discovery of documents in the possession of third parties by initiating such request prior to December 30, 2004. The parties will exchange preliminary lists of fact witnesses who may be called at trial by November 30, 2004. The parties will complete depositions of the party and/or representative by January 30, 2005, and non-party witnesses by February 28, 2005. Each party may notice up to ten depositions, exclusive or experts and health care providers, as set forth in Local Rule 26.1(c), without obtaining leave of the Court.

The parties anticipate that this first phase of discovery will require eight months, from June 30, 2004 to February 28, 2005.

**Phase II:**

Discovery during this phase is intended to focus on expert trial testimony, including possible design experts, medical experts, vocational experts and economists. In addition, any Independent Medical Examination will be conducted during this phase. The parties anticipate that the phased discovery schedule will permit time for the parties to complete Phase I, including their assessment of the case, before devoting significant resources to experts. This phase of discovery will include retention of experts, completion of expert reports, disclosures as contemplated by Rule 26, depositions of

experts and completion of any and all remaining discovery. The parties propose the following schedule for Phase II:

    Plaintiff's Rule 26 Expert Disclosures: March 30, 2005

    Depositions of Plaintiff's Experts: April 30, 2005

    Independent Medical Examination: April 30, 2005, with medical report to follow within a reasonable period

    Defendant's Rule 26 Expert Disclosure: May 30, 2005

    Depositions of Defendant's Experts: June 30, 2005

    Close of Discovery: June 30, 2005

**Proposed Schedule For The Filing Of Motions:**

    a.    Discovery Motions: All discovery motions will be filed during the discovery period.

    b.    Motions in Limine—*Daubert*-type: All motions in limine challenging proposed opinion testimony from designated experts will be filed within thirty-days of the close of discovery – July 30, 2005.

    c.    Summary Judgment Motions: All motions for summary judgment will be filed within forty-five days of the resolution of all motions in limine. If no motion in limine has been filed, then summary judgment motions will be filed within forty-five days of the close of discovery.

    d.    Pretrial Motions: A schedule for all other pretrial motions will be set at a subsequent case management conference or the final pretrial conference.

    e.    Motions Seeking Joinder of Parties: Motions to amend pleadings to add additional parties shall be filed by October 31, 2004.

**Certification Signed By Counsel:**

The certification required by Local Rule 16.1(d)(3) will be filed under separate cover by each party.

**Parties' Positions Regarding Consent To Trial By a Magistrate Judge:**

At this time, there is no agreement to permit this matter to be tried by the U.S. Magistrate Judge.

Respectfully Submitted,

_____
Maureen Counihan, Esq. (B.B.O. #549098)
Law Offices of Maureen Counihan, P.C.
67 South Bedford Street
Suite 400 West
Burlington, MA 01803
(781) 229-5884

*Attorney For Plaintiff Ciriaco Pucillo*

_____
R. Mark Petersen, Esq. (B.B.O. #396840)
Michelle Hansen, Esq. (B.B.O. #561477)
Law Offices of R. Mark Petersen
490 Shrewsbury Street
Worcester, MA 01604
(508) 791-0300

and

David L. Kelleher, Esq. (B.B.O. #543912)
Thelen Reid & Priest, LLP
701 Pennsylvania Ave, NW Suite 800
Washington, DC 20004
(202) 508-4000

*Attorneys for Defendants Metso Paper, Inc. and Valmet Converting, Inc.*

Dated: June 14, 2003

## CERTIFICATE OF SERVICE

I, Maureen Counihan, hereby certify that on June 10, 2004, I served a copy of the foregoing:

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

by mailing, first class, postage prepaid, a copy of same directed to:

David L. Kelleher, Esquire
Lara Johnson, Esquire
Thelen, Reid & Priest, LLP
701 Pennsylvania Avenue, NW Suite 800
Washington, DC 20004

R. Mark Petersen, Esquire
490 Shrewsbury Street
Worcester, MA 01604

*/s/ Maureen Counihan*
Maureen Counihan, Esquire
BBO#: 549098