UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CIRIACO PUCILLO,<br>                Plaintiff,<br><br>v.<br><br>METSO PAPER, INC. AND<br>VALMET CONVERTING, INC.<br>                Defendants. | Case No. 03-CV-12359 MLW |

**STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION OF
INFORMATION AND DOCUMENTS
BY PARTIES AND NON-PARTIES**

It is hereby stipulated and agreed by plaintiff Ciriaco Pucillo and defendants Metso Paper, Inc. ("Metso Paper") and Valmet Converting, Inc. ("Valmet Converting") (hereinafter individually referred to as "PARTY" or collectively as "PARTIES"), through their attorneys of record, on behalf of themselves and any NON-PARTY to the protections provided under this Order.

1. The term "this litigation" as used in this Order shall refer to the above-captioned matter.

2. This Order shall apply to all documents produced by PARTIES and NON-PARTIES.

3. As used herein, the term "CONFIDENTIAL MATERIAL" is defined as follows:

    (a) Any document produced in response to a discovery request or subpoena which is marked as such by stamping the cover or first page of each such document with the word "CONFIDENTIAL." Information will be designated as confidential under this Order only

where the producing party in good faith believes that the information is or contains proprietary information, confidential financial or business information, or other confidential research, development or commercial information.

    (b)    Documents designated as CONFIDENTIAL MATERIAL in 3(a) above are expressly subject to this Court's ruling upon its confidentiality in the event any party seeks to challenge such a designation. This Court has the exclusive right to review and rule upon the confidentiality of the documents, testimony or material designated as CONFIDENTIAL MATERIAL pursuant to this Order. The PARTIES reserve the right to seek review of the substance of any documents marked as CONFIDENTIAL through this Court.

    4.    No person shall show, copy or convey the substance of any information subject to this Protective Order to anyone, except as hereinafter set forth in this Order, and all such persons are further ordered and enjoined from disclosing CONFIDENTIAL MATERIAL to any other persons. All CONFIDENTIAL MATERIAL produced in this litigation shall be used solely for the purposes of preparing for and conducting this litigation and shall not be used, directly or indirectly, for any other purpose whatsoever.

    5.    CONFIDENTIAL MATERIAL shall only be disclosed to the following persons "QUALIFIED PERSONS":

    (a)    The attorneys of record working on this litigation and their paralegals and other employees;

    (b)    Expert witnesses or consultants who are assisting counsel in the preparation for and trial of this litigation; and

    (c)    Any party to this litigation.

(d) Any officers, directors, employees, trustees, partners, in-house legal personnel, or legal counsel of any NON-PARTY producing documents in this litigation who executes the Non-Disclosure Agreement attached hereto and marked Exhibit "A."

6. No copies, summaries or abstracts of said information shall be made by the PARTIES for distribution to or for use by persons other than QUALIFIED PERSONS as set forth herein.

7. Subject to Paragraph 8 herein, the following procedure shall govern in the event that counsel for any PARTY is of the opinion that an item of information subject to this Protective Order must be disclosed to a person not within the term QUALIFIED PERSONS as set forth herein.

(a) Before the disclosure of any information subject to this Protective Order, such person shall (1) be advised by the attorney of record that such information is subject to the Protective Order, that such information or its substance may not be conveyed to any other person, that such information may not be used for any purpose other than the preparation for the prosecution or defense of this litigation and that such person is subject to the power of this Court for any violation of Protective Order, and (2) sign a Non-Disclosure Agreement setting forth these facts in the form attached hereto and marked Exhibit "A".

(b) Counsel for the PARTY making disclosures to persons designated pursuant to paragraph 7 shall require such persons to execute a Non-Disclosure Agreement as described in paragraph 7(a). The Court may inspect and copy such Non-Disclosure Agreement.

8. Nothing in this Protective Order, including Paragraph 7, shall require any PARTY to secure a signed Non-Disclosure Agreement from the Court, any officer or employee of the

Court, any juror, any witness testifying in open court, any court reporter or any witness in a deposition.

9. All documents containing information subject to this Protective Order, and notes or other records regarding the contents thereof, shall be maintained in the custody of counsel receiving such information, or other Qualified Person, and no partial or complete copies thereof shall be retained by anyone else at any location other than the offices of counsel, or other Qualified Person, unless otherwise authorized by order of this Court.

10. The designation of CONFIDENTIAL shall be limited to documents or information that are maintained as confidential by the producing entity or person and the public dissemination of which could cause or threaten competitive or other demonstrable injury to the producing entity or person. If counsel for any PARTY objects to any such designation, such counsel shall advise counsel for the producing PARTY or NON-PARTY of such objection and counsel for the objecting PARTY and producing PARTY or NON-PARTY shall promptly meet and confer and attempt to resolve the objection. If no formal resolution can be reached regarding the objection, counsel for the PARTY seeking use of the material may file a motion with the Court compelling its production.

11. In the event that any PARTY wishes to submit to the Court for any proceeding, including, but not limited to, dispositive motions and trial, any document which has been designated as CONFIDENTIAL MATERIAL under the provisions of this Order, the moving PARTY shall serve and submit the material under seal and the Court shall thereafter resolve all issues relating to its use.

12.     This Order shall not preclude counsel for any PARTY from using in the course of depositions any such document or information which has been designated as CONFIDENTIAL MATERIAL under the terms hereof. However, prior to such use:

(a)     Counsel using such CONFIDENTIAL MATERIAL shall make reference to the confidentiality of the document or information;

(b)     All persons not authorized pursuant to this Order to receive such CONFIDENTIAL MATERIAL (except only the witness, the witness' counsel, and the court reporter) shall be excluded from that portion of the deposition during which the confidential document or information is used; and

(c)     In the event that the original deposition transcript and its exhibits are filed with the Court, the confidential portion of the deposition transcript and all confidential exhibits shall be placed under seal in an envelope bearing the following designation:

**"CONFIDENTIAL MATERIAL"**

**"IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THIS COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO ANY PERSON OTHER THAN ATTORNEYS IN THIS CASE OR THE COURT."**

13.     All such copies of such deposition transcripts and exhibits, to the extent they contain or pertain to confidential documents, information, summaries or exhibits, shall be treated as CONFIDENTIAL MATERIAL pursuant to the terms of this Order.

14.     Within forty-five (45) days of the conclusion of the trial and all appeals or other termination of this litigation, all CONFIDENTIAL MATERIAL, including copies of such documents or information, shall be destroyed. The provisions of this Order, insofar as they restrict the communication and use of CONFIDENTIAL MATERIAL produced hereunder or

information obtained from CONFIDENTIAL MATERIAL, shall continue to be binding after the conclusion of this litigation unless permission is given pursuant to further Order of this Court.

15. The terms and provisions of this Order are subject to modification, extension or termination as may hereafter be Ordered. This Court retains jurisdiction to rule upon motions for modification, extension or termination of the Order, at any time.

16. Any NON-PARTY seeking different or additional protection for confidential information shall without delay produce all responsive documents subject to this Order and thereafter promptly file a motion seeking such additional protection. Until such motion is resolved by the Court, the documents produced pursuant to this paragraph shall be made available only to Qualified Persons, unless the Court permits otherwise.

IT IS SO STIPULATED.

DATED: November ___, 2004

_____
Maureen Counihan, Esq. (B.B.O. #549098)
Law Offices of Maureen Counihan, P.C.
67 South Bedford Street
Suite 400 West
Burlington, MA 01803
(781) 229-5884
*Counsel for Plaintiff*

_____
Mark Petersen, Esq. (B.B.O. #396840)
Michelle Hansen, Esq. (B.B.O. #561477)
Law Offices of Mark Petersen
490 Shrewsbury Street
Worcester, MA 01604
(508) 791-0300
and
David L. Kelleher, Esq. (B.B.O. #543912)
Thelen Reid & Priest, LLP
701 Pennsylvania Ave, NW Suite 800
Washington, DC 20004
(202) 508-4000

*Attorneys for Defendant Metso Paper Inc. and Valmet Converting, Inc.*

DC #180739 v1

## ORDER

IT IS SO ORDERED.

DATED: _____

_____
United States District Court Judge

## EXHIBIT "A"

The undersigned hereby acknowledges that he/she has read the Protective Order which was entered by the Court in connection with Case No. 03-CV-12359 MLW, *Ciriaco Pucillo v. Metso Paper, Inc. and Valmet Converting, Inc.*, in the United States District Court for the District of Massachusetts, that he/she is one of the persons contemplated in paragraph 5(d) thereof as authorized to receive disclosure of confidential information; and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order.

Dated:_____       _____
                                  Signature


                                  _____
                                  Typed or Printed Name