SC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| CIRIACO PUCILLO )<br>   Plaintiff )<br>)<br>v. )<br>)<br>METSO PAPER INC. AND )<br>VALMET CONVERTING, INC. )<br>   Defendants ) | C.A. NO. 03-CV-12359 MLW |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO EXTEND THE DEADLINE FOR THE FILING OF AMENDMENTS TO THE PLEADINGS

This action arises out of injuries allegedly suffered by the Plaintiff, Ciriaco Pucillo, on or about March 22, 2002. On that date, Mr. Pucillo was operating an Atlas Model CSE 1250R Slitter Rewinder (hereinafter the "the Product") as an employee of Proma Technologies, Inc., (hereinafter "Proma") in Franklin, Massachusetts. The Product is equipped with a control board with a spring loaded wire, or "switch", that controls the speed of the machine. The Plaintiff alleges that, for all times relevant to this action, the control board and switches were provided to Proma by the Defendant, Valmet Converting, Inc. (hereinafter "Valmet"). The Plaintiff alleges that the switches, including the speed control switch, were set by Valmet prior to distribution to Proma. The Plaintiff alleges that Valmet was aware of the specific application utilized by Proma of the control boards and switches.

A Complaint was filed relative to Mr. Pucillo's action on October 28, 2003, and was removed to the Federal Court on or about November 26, 2003. Mr. Pucillo alleges that the Defendants failed to warn and instruct users of the Product of the defective character of the component parts, including the control board and switches, and/or the need to replace defectively designed, manufactured, and/or assembled parts within the Product; negligently developed,

designed, assembled, inspected, tested, packaged, sold and/or distributed the component parts, including the control board and switches; and/or negligently failed to take reasonable safety precautions to prevent injuries to users of the Product, including Mr. Pucillo.

A critical issue in this matter is whether Valmet supplied the control board that was in the Product at the time of the Plaintiff's accident. Discovery to date has revealed that Valmet is a corporation organized under the laws of Connecticut that has a principal place of business in Charlotte, North Carolina. On January 1, 2000, Valmet purchased certain assets from Atlas Group America, Ltd. (hereinafter "Atlas"), a company located in England with a branch in the United States. Subsequently, pursuant to an agreement between Valmet, a Finnish corporation, and Bobst Group, S.A., a Swiss Corporation, on or about October 21, 2003, Valmet entered into a sale of assets that was consummated on or about January 30, 2004, with an entity known as Bobst Group USA Inc., by which Valmet sold the business assets acquired from Atlas.

Valmet provided sales and service to Proma Technology only during the period after its acquisition of assets from Atlas (January 1, 2000) and prior to its sale of assets to Bobst (January 30, 2004). The parties have endeavored, and will continue to endeavor, to conduct discovery in order to determine whether the control board in the Product at the time of the accident was supplied by Valmet after January 1, 2000. If it is determined that the control board may have been supplied prior to that date, the Plaintiff will seek to have Atlas added as a Defendant in this matter.

Plaintiff has requested that the Defendants produce a number of pertinent documents delineating the sale of the Product or its component parts, including the control board, to Proma. According to the Valmet's response to the Plaintiff's request, all records that they have located have been provided. The Plaintiff has tentatively scheduled a deposition pursuant to the Federal Rules of Civil Procedure Rule 30(b)(6) for January 13, 2005, in North Carolina. At that time, further inquiry will be made into Valmet's business activities with Proma.

The other potential source of information regarding the purchase(s) of the control boards for the Product would be documents and/or testimony from Proma. A deposition pursuant to the Federal Rules of Civil Procedure Rule 30(b)(6) was commenced on December 3, 2004, at the

Proma facility in Franklin, MA. Subjects of inquiry included Proma's purchase of control boards for the Product from the date of start-up to the date of the accident. Mr. Frank Serreno, the president of Proma was deposed, as was Mr. Paul Langley, Proma's plant engineer in charge of maintenance. On several occasions throughout the course of the depositions, the deponents identified individuals who may have additional or more detailed information to better answer questions relevant to the purchase of the control boards.

The parties agreed to review the deposition transcripts which will be available by January 1, 2005 and reconvene the depositions in mid-January. It was agreed that Mr. Greg Hagopian and Mr. David Peavy, two Proma electricians would be deposed at that time. Further, the Proma operations manager, Mr. Harold Isherwood, will need to be deposed. Mr. Usherwood will be in Wales until late January, 2005.

Finally, Proma has agreed to search for and provide additional records that may identify individuals who changed the control boards prior to the Plaintiff's accident, and records pertaining to payments made to Valmet that may clarify the number of drives purchased between January, 2000 and March, 2002.

Accordingly, the Plaintiff seeks to extend the deadline by which amendments to the pleadings, including any effort to add additional parties, are to be filed from December 17, 2004 to February 18, 2005, or such other date as determined by the Court

Respectfully Submitted,

Maureen Counihan, Esq. (B.B.O. #549098)
Law Offices of Maureen Counihan, P.C.
67 South Bedford Street
Suite 400 West
Burlington, MA 01803
(781) 229-5884

*Attorney For Plaintiff Ciriaco Pucillo*

Dated: December 14, 2004