UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CIRIACO PUCILLO,<br>                 Plaintiff,<br>v.<br>METSO PAPER, INC. AND<br>VALMET CONVERTING, INC.<br>                 Defendants. | Case No. 03-CV-12359 MLW |

## JOINT STATUS REPORT

This status report is submitted jointly by counsel for the plaintiff, Ciriaco Pucillo, and counsel for the defendants, Metso Paper, Inc. and Valmet Converting, Inc.

On August 11, 2004, the Court issued a Scheduling Order that requires, *inter alia*, that counsel for the parties meet at least once to explore the possibility of settlement and to report to the Court the status and prospects for settlement. In addition, the parties must report whether they wish to participate in mediation conduct by an appointee from the Court's panel of mediators. Accordingly, counsel for the parties report as follows:

The parties in this case have developed an extensive factual record, including ten depositions. In the light of that record, counsel for the parties have met to explore the possibilities of settlement. Each counsel has conferred with his or her client(s) concerning settlement. Counsel for the plaintiff also has conferred with a representative of the workers' compensation carrier, a lien holder on any settlement payment to or recovery by plaintiff. Notwithstanding the extensive factual record, the three interests in this action – i.e. (1) the plaintiff, (2) the defendants, and (3) the workers' compensation carrier – have significantly

different views of the likelihood of prevailing. As such, counsel for the parties are not optimistic that a settlement is likely.

Nonetheless, the parties recognize the potential benefit that an independent evaluation of the case by a mediator might provide. The Plaintiff wishes to participate in mediation and has discussed mediation with Ms. Marie Laine, the Chubb Insurance subrogation specialist assigned to this matter. Ms. Laine has agreed to have a representative from Chubb appear on behalf of the workers' compensation carrier at any such mediation. Defendants submit that a meaningful mediation requires the full participation of the workers' compensation carrier to address its lien rights. Defendants also submit that the prohibition in the Court's Scheduling Order on the filing of dispositive motions should be lifted so that parties entitled to summary judgment are provided the opportunity to seek that relief prior to a scheduled mediation.

Date: May 6, 2005

Respectfully,

_____
Maureen Counihan, Esq. (B.B.O. #549098)
Law Offices of Maureen Counihan, P.C.
67 South Bedford Street
Suite 400 West
Burlington, MA 01803
(781) 229-5834

*Counsel for Plaintiff*

_____
Mark Petersen, Esq. (B.B.O. #396840)
Michelle Hansen, Esq. (B.B.O. #561477)
Law Offices of Mark Petersen
490 Shrewsbury Street
Worcester, MA 01604
(508) 791-0300
and
David L. Kelleher, Esq. (B.B.O. #543912)
Thelen Reid & Priest, LLP
701 Pennsylvania Ave, NW Suite 800
Washington, DC 20004
(202) 508-4000

*Attorneys for Defendants*
*Metso Paper, Inc. and*
*Valmet Converting, Inc.*

## CERTIFICATE OF SERVICE

I, Maureen Counihan, hereby certify that on May 6, 2005, I served a copy of the foregoing:

    JOINT STATUS REPORT

by mailing, first class, postage prepaid, a copy of same directed to:

    David L. Kelleher, Esquire
    Thelen, Reid & Priest, LLP
    701 Pennsylvania Avenue, NW Suite 800
    Washington, DC  20004

    Michelle Hanson, Esquire
    490 Shrewsbury Street
    Worcester, MA  01604

                                                     Maureen Counihan, Esquire
                                                       BBO#: 549098