UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CIRIACO PUCILLO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 03-CV-12359 MLW |
| METSO PAPER, INC. AND VALMET CONVERTING, INC. | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S RENEWED MOTION TO AMEND THE COMPLAINT

Defendant Valmet Converting, Inc. ("Valmet Converting"), by counsel, submits this memorandum in opposition to Plaintiff's Renewed Motion to Amend the Complaint. Plaintiff's renewed motion seeks to add seven new claims – five new claims against three new defendants and two new claims against the existing defendant.

As demonstrated in this memorandum, plaintiff's proposed amended complaint is an exercise in futility that will only delay the ultimate resolution of this case and increase the costs for all parties. The issue in this case has not changed in the nearly three years since the action was filed, and the evidentiary record provides no greater support today for any of plaintiff's theories than it did on the day the action was commenced. The Federal Rules do not require the Court to permit claims to continue, or to be amended, *ad infinitum*. Indeed, when a motion to amend a complaint is filed after the close of discovery, the amendment must be "solidly grounded in the record . . . [and] supported by substantial evidence." *Hatch v. Dep't. for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (internal citation omitted). Here, discovery is closed and plaintiff offers no evidence in support of any of the proposed

claims.  Instead, the proposed amended complaint contains only vague and contradictory factual allegations, followed by boilerplate claims that each defendant engaged in the same wrongful conduct.  However excusable this pleading strategy might be when an action is first commenced, it is not appropriate after three years of litigation, with discovery closed and a summary judgment motion pending.  Inasmuch as plaintiff has failed to support the proposed amended claims with substantial evidence in the record, plaintiff's motion should be denied.

## Background

Plaintiff commenced this action in October 2003.  At that time, plaintiff's initial pleading identified the issue that is still at the heart of plaintiff's claim, stating:  "The Plaintiff's accident was a result of the improper setting of the speed control switch" on an electrical circuit board.  (*See* SMF, Attachment 1, ¶ 11.)[1]  The original complaint alleged that Valmet Converting supplied the board.  (*Id.* at ¶¶ 8, 9.)

More than a year later, on December 14, 2004, as the time to amend pleadings was expiring, plaintiff petitioned the Court to extend the time to amend the pleadings from December 17, 2004 to February 18, 2005.  Plaintiff informed the Court that plaintiff needed additional time to determine the identity of the supplier of the board, stating:

> A critical issue in this matter is whether Valmet supplied the control board that was in the Product at the time of Plaintiff's accident.
>
> * * * *
>
> Valmet provided sales and service to Proma Technology only during the period [from January 1, 2000 to January 30, 2004] . . . If it is determined that the control board may have been supplied

---

[1] For the convenience of the Court, factual citations in this memorandum reference Defendant's Statement of Material Facts of Record to Which There Is No Genuine Issue ("SMF"), filed in support of Defendant's Motion for Summary Judgment.

prior to that date, the Plaintiff will seek to have Atlas added as a Defendant in this matter.

(Memorandum in Support of Plaintiff's Unopposed Motion to Extend the Deadline for the Filing of Amendments to the Pleadings, filed December 14, 2004, at 2.)  The Court granted plaintiff's motion and extended the deadline.  (Electronic Order dated December 27, 2004.)

On February 18, 2005, plaintiff filed the first motion to amend the complaint.  Still unable to identify the supplier of the board, plaintiff proposed to amend the complaint by adding three additional defendants and by alleging that all of the defendants were liable for the same conduct.  In opposition to plaintiff's motion, Valmet Converting wrote as follows:

> First, the proposed amended complaint is hopelessly confusing with respect to who it is that the plaintiff now seeks to add as defendants and what grounds allegedly exist for the claims against them.  For example, paragraph 3 of the proposed amended complaint names **Valmet Converting Inc.** as a defendant, alleges that it was "previously **Atlas Group Americas**" and defines it to "**include**[] **Valmet Atlas Plc**. (previously **Atlas Converting Equipment**)."  (Am. Cplt. ¶ 3, emphasis added.)  All four of these named entities are defined in paragraph 3 as "hereinafter '**Valmet.**'"  (*Id.*, emphasis added.)
>
> In paragraph 4, the proposed amended complaint names "**Atlas Converting Equipment Ltd.**" as a defendant.  (Am. Cplt. ¶ 4, emphasis added.)  This time, it is alleged to be "f/k/a **Valmet Atlas Plc**" – the opposite of the allegation in paragraph 3 – and also to be "f/k/a **Atlas Group America Ltd.**" – the company that is alleged to be **Valmet Converting Inc.** in paragraph 3.  (Am. Cplt. ¶¶ 3, 4, emphasis added.)  In this paragraph, the three names are defined to be "hereinafter '**Atlas UK,**'" even though each already is defined for purposes of the complaint as **Valmet** in paragraph 3.  (Am. Cplt. ¶¶ 3, 4, emphasis added.)
>
> Paragraph 5 of the proposed amended complaint names "**Atlas Group Americas**" as a defendant, which is identified in paragraph 3 as **Valmet Converting Inc.** and in paragraph 4 as **Atlas Converting Equipment Ltd**.  These companies are defined in this paragraph as "hereinafter **Atlas**,'" even though each already is defined for purposes of the complaint as both **Atlas UK**, in paragraph 4, and **Valmet**, in paragraph 3.  (Am. Cplt. ¶¶ 5, 4, 3, emphasis added.)
>
> By defining the term **Valmet** to represent 4 named entities, the term **Atlas UK** to represent 3 named entities all of which already are defined as **Valmet**, and the term **Atlas** to represent 2 named entities all of which already are defined as both **Valmet** and **Atlas UK**, plaintiff makes it impossible for any defendant to know who is alleged to have done what.  Adding to the confusion, the proposed

amended complaint alleges that each group of defined entities – **Valmet**, **Atlas UK** and **Atlas** – was negligent for the identical conduct.  In addition, the proposed amended complaint alleges that **Valmet**, with its 4 named entities, is a successor to **Atlas**, with its two named entities, and that **Bobst S.A.**, a company in Switzerland, is a successor to **Valmet** and its 4 named entities.  In short, after more than a year of litigation, the proposed amended complaint would add no less than three additional defendants, all based in Europe, and multiple new claims against the new defendants and current defendants by alleging that everyone is or was everyone else, everyone did everything, and everyone is liable for everyone else's actions.

The First Circuit has made clear that the liberal rules of pleading permitted by the Federal Rules, do not vitiate the basic tenet that each party is entitled to fair notice of the basis of the claims against it, explaining:

> The bottom line is this:  while courts should construe pleadings generously, paying more attention to substance than to form, they must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him . . .  A fundamental purpose of the Federal Rules of Civil Procedure is to afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest.

*Rodriquez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995) (internal citations omitted).  This basic tenet should be even more strictly applied when the pleading is an amended pleading in a case where a significant amount of discovery has been completed.  Here, plaintiff's strategy of alleging that some entities "include" other entities, that nearly all entities are predecessors or successors, or both, of each other, and that all entities engaged in the same culpable conduct, effectively defeats the defendants' ability to know the basis and scope of the claims against them.

(Defendants' Memorandum filed March 23, 2005 at 1-3.)  In addition, Valmet Converting objected to the proposed amended complaint because it lacked any factual basis in the evidentiary record, as notwithstanding the completion of the depositions of Proma Technology's president, maintenance manager, electrical engineer and operations manager, there was no factual support in the record for plaintiff to state that any of the proposed defendants had sold the board at issue.  (*Id.* at 4-5.)  Each of these deficiencies is repeated in the 2006 proposed amended complaint.

By Order dated March 11, 2005, the Court denied plaintiff's motion for leave to amend. (Electronic Order dated March 11, 2005.) The denial was without prejudice to possible renewal after the completion of discovery. (*Id.*) All discovery was concluded on March 31, 2006, and plaintiff filed a renewed motion to amend the original complaint on July 5, 2006.

Plaintiff's second proposed amended complaint, however, consists of the same boilerplate, scatter-shot and contradictory allegations and theories of liability that were alleged in February 2005. Notwithstanding the passage of another year and the completion of all discovery, plaintiff's 2006 proposed amended complaint merely renumbers the paragraphs from the 2005 proposed amended complaint to reflect the dismissal of Metso Paper in January 2006. (*See* 2005 Proposed Am. Cplt. ¶¶ 3, 4 and 5, and 2006 Proposed Am. Cplt. ¶¶ 2, 3 and 4.)

Plaintiff's 2006 motion identifies the same issue as plaintiff's October 2003 complaint and December 2004 motion to extend the Scheduling Order, stating:

> The Plaintiff alleges that the accident was the result of the improper setting of the speed control switch on the daughter card.

(Plaintiff's Memorandum at 1.) However, plaintiff's motion provides no factual basis for the new claims, makes no effort to show a nexus between any of the new claims and the voluminous record of evidence in this case, and proposes no plan for how this case should proceed if the additional claims are joined.

The issue in this case since Day One has been: who supplied the circuit board at issue. Only after this issue is addressed, can the case focus on issues such as the condition of the board at the time of sale and the duties of the board's supplier. Plaintiff not only fails to address this predicate issue, but obfuscates the issue in pleading the proposed amended complaint.

Specifically, the proposed amended complaint defines the "product" at issue, not as the circuit board, but as the slitter-machine; and alleges that Atlas-UK is liable because it sold the

slitter machine.  (Proposed Am. Cplt. ¶¶ 16, 18 and 40.)  If plaintiff actually contends that the slitter machine is the product at issue, then all other defendants and prospective defendants should be dismissed because there is no dispute that the slitter machine was supplied by Atlas-UK, and only Atlas-UK.  Indeed, plaintiff's memorandum represents that "[d]iscovery has revealed that [Atlas UK] sold the [slitter machine] to Proma . . ."  (Plaintiff's Memorandum at 2.)[2]

It is more likely, notwithstanding the allegations of the proposed amended complaint, that the product at issue, is the circuit board.  Significantly, and indeed depositive of plaintiff's motion, notwithstanding nearly three years of litigation, plaintiff does not allege that any of the proposed defendants actually sold the circuit board at issue.  Instead, plaintiff apparently seeks to sue Atlas-UK, Atlas-US and Valmet Converting alleging that any one of them **could have** sold the circuit board at issue.

For example, plaintiff alleges that Atlas-UK sold the slitter machine in 1993 – but does not allege that it sold the circuit board at issue as part of that original supply.  (Proposed Am. Cplt. ¶ 18.)  Plaintiff alleges that Atlas-US provided replacement parts for the slitter machine, including circuit boards, between 1993 and 2000 – but does not allege that Atlas-US sold the circuit board at issue.  (Proposed Am. Cplt. ¶ 20.)  Plaintiff alleges that Valmet Converting supplied replacement parts for the slitter machine, including circuit boards, between 2000 and 2004 – but does not allege that Valmet Converting sold the circuit board at issue.  (Proposed Am. Cplt. ¶ 26.)  Only in the boilerplate allegations of Counts I-VI does plaintiff allege that anyone

---

[2] Plaintiff also argues that the circuit boards in the slitter machine were designed by Atlas-UK.  (Plaintiff's Memorandum at 2.)  The evidence shows that the boards were designed by Infranor, a company located in Germany.  (SMF 7.)  The identity of the designer is not material, however, because plaintiff's expert, John Orlowski, has testified that there is no issue in this case with respect to the design of the circuit board.  (SMF 69.)

engaged in any culpable conduct, and there, plaintiff alleges that everyone engaged in exactly the same culpable conduct.

Plaintiff's inability, at this late date with all fact-based and all expert discovery closed, to identify in the pleadings the supplier of the circuit board at issue demonstrates that the proposed amended complaint is futile and will serve only as a precursor to a request to reopen discovery to permit plaintiff to conduct a discovery fishing expedition on two continents that will take many months and cost many thousands of dollars on top of the already three-year cost of this litigation. Permitting plaintiff to amend the complaint to add additional unsubstantiated claims at this point in the proceedings will result in undue prejudice to defendant and will unnecessarily delay the termination of the action.

## Legal Standard

Although Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires," the rule does not apply when the "amendment would be futile or reward, *inter alia*, undue or intended delay." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (citations omitted); *see also Colmenares Vivas v. Sun Alliance Ins. Co.*, 807 F.2d 1102, 1108 (1st Cir. 1986); *Logan Equip. Corp. v. Simon Aerials, Inc.*, 736 F. Supp. 1188, 1206 (D. Mass 1990) (Wolf, J.).

"[A]s a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting." *Steir*, 383 F.3d at 12. When a motion to amend is filed after the close of discovery and after motions for summary judgment have been docketed, as in this case, the motion to amend must demonstrate that the proposed amendment is "not only theoretically viable but also solidly grounded in the record [and] . . . supported by substantial

evidence." *Hatch*, 274 F.3d at 19.  Indeed, the evidence must be "substantial and convincing . . . ." *Steir*, 383 F.3d at 12.

It also is appropriate to deny a motion to amend when "'the additional allegations contain[] no newly discovered evidence or facts' . . . and when the request to amend could be viewed as an attempt to avoid an adverse ruling' on a motion that was under advisement." *Cobb v. Sup. Jud. Ct. of Mass.*, 334 F. Supp. 2d 60, 62 (D. Mass. 2004) (Wolf, J.) *quoting Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 806 (1st Cir. 1987).

Here, this lawsuit has been pending for nearly three years.  All discovery has concluded. Defendant Valmet Converting's motion for summary judgment is pending.  And plaintiff now seeks to add seven new claims, including claims against three new defendants, without citation to a single item of evidence in the record.  An examination of the proposed amended complaint shows a complete absence of facts necessary to support a viable claim against any defendant and only boilerplate claims alleging that each defendant engaged in the identical conduct.  The proposed amended complaint is properly viewed as futile, lacking evidentiary support and lacking any newly discovered facts that would warrant the Court to revisit its prior denial of this motion.  The proposed amendment is plainly a litigation strategy to unduly delay this case with the hope of avoiding an adverse ruling on the pending summary judgment motion.

### Discussion

**A.    Plaintiff's Motion to Add Three Breach of Warranty Claims Is Untimely**

On February 18, 2005, plaintiff filed his first motion to amend the complaint.  By Order dated March 11, 2005, the Court denied plaintiff's motion, subject to possible reconsideration if renewed after the completion of expert discovery.  On July 5, 2006, plaintiff filed a "Renewed Motion to Amend the Complaint."  In fact, plaintiff's 2006 motion goes beyond a renewal of the

prior motion and seeks to raise claims not included in the prior motion. With respect to these new claims, plaintiff's motion is untimely.

Plaintiff's 2005 motion to amend sought to add four claims: (1) a negligence claim against Atlas-US; (2) a negligence claim against Atlas-UK; (3) a successor liability claim against Valmet; and (4) a successor liability claim against Bobst. Plaintiff's 2006 motion seeks not only to add these four claims, but also seeks to add three breach of warranty claims. The breach of warranty claims are all styled as "Count IV" and seek to assert separate claims against Valmet, Atlas-US and Atlas-UK.

A renewed motion cannot "renew" claims not raised previously. Plaintiff's breach of warranty claims were not raised previously. The Court's Order of March 11, 2005 did not grant plaintiff *carte blanche* to raise any and all possible amendments after the close of discovery, but granted leave to renew the 2005 motion. Inasmuch as plaintiff's 2005 motion did not include the breach of warranty claims, the time to raise these claims has long ago expired. As such, plaintiff's renewed motion is untimely with respect to these claims.

**B.    Plaintiff's Amended Complaint Is Not Grounded in the Record and Is Not Supported by Substantial and Convincing Evidence**

Plaintiff's renewed motion is inadequate as a matter of law. The proposed amendments are not solidly grounded in the evidentiary record of this case and are not supported by substantial or convincing evidence. Indeed, plaintiff offers no evidence in support of the amended claims.

The futility of plaintiff's proposed amendment is fully demonstrated by Valmet Converting's motion for summary judgment. As shown in that motion, the record evidence in this case does not establish who supplied the circuit board at issue, when it was supplied, or when the switch on the board became improperly positioned. (SMF 20-22, 26, 28, 29, 34-36.)

As demonstrated in Valmet Converting's motion for summary judgment, the identity of the supplier of the board is a necessary predicate to any claim for relief. *See e.g., Piscitello v. Hobart Corp.*, 799 F. Supp. 224, 226 (D. Mass 1992); *Mathers v. Midland-Ross Corp.*, 532 N.E.2d 46, 49 (Mass. 1989); *Garcia v. Kusan, Inc.*, 655 N.E.2d 1290, 1294-95 (Mass. App. Ct. 1995).

Plaintiff's proposed amended complaint, with its alternative and contradictory factual allegations, is a concession that the record cannot sustain a claim against any defendant. Count I alleges that Valmet Converting supplied the product at issue. Count II alleges that Atlas-US supplied the product at issue. Count III alleges that Atlas-UK supplied the product at issue. Inasmuch as the proposed amended complaint identifies different time periods for the involvement of each defendant, it is clear that all of these claims cannot be correct and it may well be that none are correct.

Plaintiff's motion to amend comes after discovery has closed and with Valmet Converting's motion for summary judgment pending. Consequently, plaintiff's motion is subject to the rigorous "substantial and convincing evidence" standard. *Steir*, 383 F.3d at 12. Plaintiff's motion does not even argue the existence of substantial and convincing evidence in the record of this case to show who supplied the circuit board at issue. In the absence of substantial and convincing evidence to meet this prerequisite to a valid claim, plaintiff's proposed amended complaint is properly classified as futile, and the motion is appropriately denied. *Hatch*, 274 F.3d at 19.

**C.     To Permit Plaintiff to Amend Now Would Result in Undue Prejudice to Defendant**

A key consideration in determining whether to grant a motion to amend is whether the defendant will be prejudiced if the motion to amend is permitted. "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a reopening of

discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Steir*, 383 F.3d at 12; *see also Grant v. News Group Boston, Inc.*, 55 F.3d 1, 5-6 (1st Cir. 1995).

Here, there can be no dispute that plaintiff's proposed complaint will create long delays in this case and require fact-based discovery and expert discovery to be reopened. First, plaintiff proposes to join companies located in England and Switzerland. Service on these companies will be pursuant to the Hague Convention and likely will take many months. If any of the newly added defendants challenge service and/or jurisdiction, then this action will be delayed several additional months until those issues can be resolved. If jurisdiction and/or service are not challenged by the new defendants, the joined defendants will likely appear several weeks after service. At that time, they will need several additional weeks to review the discovery completed to date in this case, after which they will be entitled to reopen discovery in the U.S. in order to prepare their defenses. If cross-claims are asserted between or among any defendants, then a second discovery front will be necessary, causing further delay.

In addition, it is apparent that there is an absence of proof with respect to who sold the circuit board at issue. Therefore, plaintiff will presumably seek to reopen discovery to conduct a discovery fishing expedition in Europe. Otherwise the amended complaint will be subject immediately to three summary judgment motions by the three newly joined defendants. Whether information of the sort that plaintiff seeks is even available in Europe is unknown, and as such, the entire exercise is purely speculative and may well be a colossal waste of time and resources for all parties. In addition, plaintiff has no expert testimony to offer against any of the new defendants and therefore will need to reopen expert discovery. Similarly, the new defendants

will be entitled to develop expert testimony suited to their particular status.  In short, if plaintiff is permitted to amend the complaint, this three-year old case will start anew.

Importantly, all of this delay was entirely avoidable by plaintiff.  Although Atlas-UK, Atlas-US, and Bobst have not been parties to this action, plaintiff could have sought discovery from these and other entities at any time during the last three years.  Plaintiff could have sought discovery from any non-party in the U.S. pursuant to the Federal Rules of Civil Procedure.  Plaintiff could have sought discovery from any non-party abroad pursuant to the Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters, 28 U.S.C. 1781, *et seq*.  This discovery could have been conducted contemporaneously with all the other discovery conducted in this case, avoiding all delay.  Instead, plaintiff made no effort to discover information pertinent to the claims set forth in his proposed amended complaint from any of these entities.

It is grossly unfair to Valmet Converting to further delay the resolution of this action by permitting plaintiff to amend the complaint at this late date on an evidentiary record that is inadequate to support any claim against any of the proposed defendants.

## Conclusion

For the reasons set forth herein, Valmet Converting respectfully requests that the Court deny Plaintiff's Renewed Motion to Amend the Complaint.

Date:  July 31, 2006                                                Respectfully submitted,


                                                */s/ David L. Kelleher*_____
David L. Kelleher, Esq. (B.B.O. #543912)
Thelen Reid & Priest, LLP
701 Eighth Street, N.W., Suite 800
Washington, DC 20004
(202) 508-4000

Mark Petersen, Esq. (B.B.O. #396840)
Michelle Hansen, Esq. (B.B.O. #561477)
Law Offices of Mark Petersen
490 Shrewsbury Street
Worcester, MA  01604
(508) 791-0300

Attorneys for Defendant Valmet Converting, Inc.

13

DC #223933 v3