UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| **CIRIACO PUCILLO** )<br>    **Plaintiff** )<br> )<br>**v.** )<br> )<br>**METSO PAPER INC., VALMET** )<br>**CONVERTING, INC., ATLAS** )<br>**CONVERTING EQUIPMENT** )<br>**LIMITED, f/k/a VALMET ATLAS PLC,** )<br>**f/k/a ATLAS GROUP AMERICAS LTD,** )<br>**ATLAS GROUP AMERICAS f/k/a** )<br>**ATLAS CONVERTING EQUIPMENT,** )<br>**AND BOBST SA d/b/a BOBST GROUP** )<br>**USA INC.** )<br>    **Defendants** ) | C.A. NO. 03-CV-12359 MLW |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
RENEWED MOTION TO AMEND THE COMPLAINT**

The Plaintiff, Ciriaco Pucillo, respectfully submits this reply memorandum in response to Defendant, Valmet Converting Inc.'s, Opposition to Plaintiff's Renewed Motion to Amend Complaint.

The Defendant attempts to characterize the Plaintiff's proposed amended complaint as raising completely new and different claims against completely new defendants, and argues that to allow the Plaintiff to do so would cause a significant delay in the resolution of this matter and greatly increase the costs. That is simply not the case.

The Plaintiff's proposed amended complaint contains negligence and breach of warranty claims against Valmet, Atlas UK and Atlas US, and successor liability counts against Valmet and Bobst. As such, the proposed amended complaint does nothing more than allow the pleadings to conform to the evidence.

1

The evidence produced in this matter indicates that the current Defendant, Valmet Converting, Inc. is integrally related to the Defendants whom the Plaintiff seeks to add. The Defendants acknowledge that in 1997, Atlas UK was acquired by Valmet. (Defendant's SMF ¶ 55)[1]. Prior to 1997, there was a company in Charlotte, NC, known as Atlas Group America which had previously been known as Atlas Converting Equipment, USA (Defendant's SMF ¶ 56). At all times, the company in England referred to as Atlas UK was the parent company of the Charlotte company. (Defendant's SMF ¶ 58). In 1997, when Valmet acquired Atlas UK, the company in Charlotte changed its name from Atlas Group America to Valmet Converting, Inc. (Defendant's SMF ¶ 57). In 2004, Valmet Converting was sold to Bobst and became known as Bobst Group USA. (Defendant's SMF ¶ 59).

The Plaintiff's original Complaint was filed only against Valmet and its parent company Metso Paper. The Amended Complaint seeks to expand that claim to the remainder of the Atlas/Valmet/Bobst group for negligence and breach of warranty. The Amended Complaint also seeks to add negligence and breach of warranty claims against Atlas UK where the modifications to the drive boards were made.

The Defendant maintains that there is no factual support in the record that any of the proposed Defendants sold the board at issue. That is simply untrue and has been addressed at length in the Plaintiff's Opposition to the Defendant's Motion for Summary Judgment. As discussed in the Plaintiff's Opposition, when Proma purchased the Atlas Slitter CSE1250R, it was assigned the contract number 92036. That contract number is

---

[1] For the convenience of the Court, factual citations in this memorandum reference Defendant's Statements of Material Fact ("Defendant's SMF") filed in support of the Defendant's Motion for Summary Judgment and Plaintiff's Response to Defendant's Statement of Material Facts and Plaintiff's Statement of Material Facts, ("SMF") filed in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

2

unique to that piece of equipment and would distinguish Proma's Atlas slitter from any other Atlas slitter in America. (SMF ¶¶ 1, 2). Proma's slitter, number 92036, uses only one model number Infranor board, SMVE2420M59, hereinafter M59. (SMF ¶ 53)

When the slitter was delivered to Proma, Valmet convinced Proma to deal directly with Valmet in North Carolina rather than going back to England for everything. (SMF ¶ 5). In fact, there are no other facilities in the US, besides Valmet Converting, that service Atlas slitters. (SMF ¶ 38). Therefore, if Proma had a problem with their Slitter, or needed to order spare parts, they would contact Valmet Converting. (SMF ¶¶ 5-7). At one time Proma did attempt to purchase boards directly from Infranor but was unable to do so because they were informed that Infranor produces generic boards that are set up by Atlas. (SMF ¶ 15).

When Proma calls Valmet, Valmet orders the spare parts from Atlas UK by providing the serial number, which is used to determine whether there are any special setups on any of the drives. (SMF ¶¶ 8, 11, 12). The serial number would identify the setting for the switch that was involved with the Plaintiff's accident. It is undisputed that Atlas UK knew the correct position of the switches. (SMF ¶¶ 8, 22). Valmet also has a copy of the most of the electrical schematics for the Slitters in the US. (SMF ¶ 9).

Accordingly, the Plaintiff disagrees with the Defendant that the futility of the Plaintiff's proposed amendment is demonstrated by Valmet's motion for summary judgment. Under the facts set forth above, it is hard to comprehend the Defendant's argument that the Plaintiff cannot establish the supplier of the board. There is no evidence of any other source from which Proma could obtain a drive that has to be special ordered. Further, it is uncontroverted that the boards were ordered and received from Atlas UK and

3

Valmet's service technician, Ron Purcell, acknowledged that the boards were set before they were sent to Proma. (SMF ¶ 22).

The Defendants also seek to characterize the Plaintiff's motion as an attempt to avoid an adverse ruling on the pending motion for summary judgment. The Plaintiff filed his original motion to amend in February 2005, long before the Defendant filed its Motion for Summary Judgment. The motion was denied without prejudice to possible renewal after the completion of discovery. The Plaintiff did so in the period allowed by this Court. Clearly, the Plaintiff's motion is not a ploy to avert the motion for summary judgment.

Further, allowance of the proposed amended complaint will not result in an extensive amount of new discovery and will not unduly delay the resolution of the matter. The Plaintiff agrees that the addition of new Defendants may delay the completion of discovery while the Defendants are served and provided time to respond. However, all of the employees of Valmet that have been deposed in connection with this matter were also employees of Atlas US and Bobst. A limited amount of discovery in England would be necessary if Atlas UK is added as a Defendant. The Plaintiff does not agree that the delay justifies the denial of the Plaintiff's Motion to Amend the Complaint.

Allowing the Plaintiff's motion will not result in a major alteration in trial tactics and strategy. The Plaintiffs motion is grounded in the record and supported by substantial evidence. The Plaintiff offers ample evidence to support the amended claims, it appears that the Defendant refuses to acknowledge the evidence in this matter.

Wherefore, the Plaintiff, Ciriaco Pucillo, respectfully requests that this Honorable Court grant him leave to file the Amended Complaint pursuant to Fed.R.Civ.Pr. 15.

5

Respectfully Submitted,


   /s/  Maureen Counihan
Maureen Counihan, Esq. (B.B.O. #549098)
Law Offices of Maureen Counihan, P.C.
67 South Bedford Street
Suite 400 West
Burlington, MA  01803
(781) 229-5884

*Attorney For Plaintiff Ciriaco Pucillo*

Dated:  August 18, 2006

5

Case 1:03-cv-12359-MLW    Document 76    Filed 08/18/2006    Page 6 of 6