UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CIRIACO PUCILLO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 03-CV-12359 MLW |
| METSO PAPER, INC. AND VALMET CONVERTING, INC. | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO EXCLUDE EXPERT TESTIMONY**

Defendant Valmet Converting, Inc. ("Valmet Converting"), by counsel, submits this reply memorandum in further support of Defendant's Motion in Limine to Exclude Expert Testimony.

Plaintiff cites to *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and accuses Valmet Converting of ignoring the Supreme Court's "admonition that 'reliability proceedings should be avoided in ordinary cases where the reliability of an expert's method is properly taken for granted.'" (Plaintiff's Memo. at 1.) Plaintiff misconstrues the cited "admonition." In its proper context, the Supreme Court explained that "the trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides *whether or not* that expert's relevant testimony is reliable." *Kumho Tire*, 526 U.S. at 152 (emphasis in original). The Supreme Court's admonition was on the "flexible" nature of the Rule 702 inquiry and the non-exclusivity of the *Daubert* factors. *See id.* at 150. The Supreme Court made clear, however, that the discretion afforded a trial court in determining how to test reliability does not

diminish the "importance of *Daubert's* gatekeeping requirement," the objective of which is to "ensure the reliability and relevancy of expert testimony." *Id.* at 152.

The flexible nature of the inquiry does not relieve the Court of its "special obligation" to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Nor does it relieve the plaintiff of his burden of establishing the reliability of his expert's proposed testimony by a preponderance of the evidence. *See* Fed. R. Evid. 702 advisory committee notes; *United States v. Monteiro*, 407 F.Supp.2d 351, 356 (D. Mass 2006). Indeed, a prerequisite to the admissibility of expert testimony is "that an expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 151. In performing its gatekeeping function, the Court must consider whether plaintiff's proposed expert testimony is based on "sufficient facts or data," whether it is the "product of reliable principles and methods," and whether the "witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

Plaintiff's Opposition Memorandum fails to establish that Orlowski's opinions in this case are the product of reliable principles and methods. Plaintiff's Opposition Memorandum merely restates Orlowski's opinions and argues that the reliability of these opinions should be resolved by a jury. In other words, plaintiff asks the Court to abandon its gatekeeping responsibilities imposed by *Daubert* and Fed.R.Evid. 702.

## Discussion

### Plaintiff Fails to Demonstrate That Orlowski's Opinions Are Based on Reliable Principles and Methods.

Rather than citing to the principles and methods relied upon by Orlowski for his opinions, the bulk of Plaintiff's Opposition Memorandum merely restates the conclusory opinions from

Orlowski's report. Plaintiff makes no effort to meet the three-prong test for admissibility described in *U.S. v. Monteiro*, 407 F.Supp. 2d 351, 356 (D. Mass. 2006).

For example, plaintiff restates Orlowski's opinion that it is not improper to use a switch on a drive board, so long as the switch is secured and fixed; but if the supplier "cannot ensure the switch will remain in its proper position...it should be permanently latched or soldered." (Plaintiff's Memo. at 3). However, merely restating the opinion begs the question: what are the principles and methods that Orlowski employed to insure that his opinion is reliable. *See e.g., Monteiro*, 407 F.Supp. 2d at 356.

When developing his opinion, Orlowski did not rely on any standard of the electrical industry. (Exhibit C to Valmet Converting's Motion in Limine to Exclude Expert Testimony at 88-89, 98.) He did not rely on any governmental regulation. (*Id.* at 89.) He did not rely upon any consensus standard. (*Id.* at 98.) He did not rely upon any treatise or publication. (*Id.* at 98.) He did not conduct a survey of suppliers. (*Id.* at 89, 98.) And after forming his opinion, he made no effort to validate or test his opinion. (*Id.* at 89.) And Plaintiff's Memorandum does not show otherwise and does not demonstrate any other basis that could render Orlowski's opinion reliable. Plaintiff merely argues that "Mr. Orlowski's opinion . . . is based on reliable principles or methods," (Plaintiff's Memo. at 7), but plaintiff fails to offer even one example of a principle or method on which Orlowski relied in forming his opinion. And while plaintiff contends that the Court "should consider whether other reasonable measures of reliability may be appropriate to the evaluation of [Orlowski's] testimony," (Plaintiff's Memo at 7), plaintiff suggests no such measure.

Nor does plaintiff address the second-prong of *Monteiro*: assuming that the methodology is reliable, is the witness qualified to render the opinion. *Monteiro*, 407 F.Supp. 2d at 357. Plaintiff concedes that Orlowski is not qualified as an electrical engineer. (Plaintiff's Memo. at 8;

*see also* Exhibit C to Valmet Converting's Motion in Limine at 6-9.) Instead, plaintiff cites to Orlowski's experience with drafting and designing machinery and safety devices (Plaintiff's Memo. at 8), and argues that "Orlowski clearly has experience relative to the industry practice of inspecting component parts before shipping them to a customer." (Plaintiff's Memo. at 6). However, Plaintiff's Opposition Memorandum identifies no such experience, and the evidentiary record is to the contrary.

In fact, Orlowski has <u>no</u> experience with respect to the inspection of any component part before shipping. Plaintiff points to no evidence that Orlowski even worked in any department of any company responsible for selling component parts or spare parts. Plaintiff points to no evidence that Orlowski ever worked in any department of any company where he was responsible for quality control or inspections of parts. Plaintiff argues that Orlowski is experienced in machine design, such as truck dock levelers, dock levelers, punch presses, and web handling machines. (Plaintiff's Memo. at 2.) But, there is no claim in this case that the Slitter was defectively designed, so this experience cannot serve as a proper basis for Orlowski's opinions. Plaintiff's describes the issue in this case as follows: "The issues to be determined center around the responsibilities of a distributor, Valmet Converting..." (Plaintiff's Memo. at 6.) As demonstrated in Valmet Converting's first motion, Orlowski has no experience working at, with, or for a distributor of component parts.

Finally, plaintiff does nothing to demonstrate that the so-called reliable principles and methods employed by Orlowski were properly applied to the facts of this case. *See Monteiro*, 407 F.Supp. at 358. The board at issue in this case was manufactured by Infranor, and thus, it was Infranor that determined whether there would be a switch on the board. Even if it is assumed that Valmet Converting supplied the board at issue, Valmet Converting, was the third

link in the supply chain–Infranor to Atlas-UK to Valmet Converting to Proma. (SMF 74-80.) And, the board was ordered by machine serial number–when Proma purchased a board, it provided the number to Valmet Converting, and Valmet Converting, in turn, provided the same number to Atlas-UK. (SMF 76, 77.) The uncontroverted evidence is, that at all relevant times, Valmet Converting was merely a supplier of parts and services and was not the manufacturer of either the Slitter or the drives. (SMF 61, 62.) Thus, even if Orlowski was experienced, his experience was with manufacturers. There is no factual basis to conclude that any of Orlowski's experience at a manufacturing company, or any of his analyses with respect to manufacturers, is applicable to intermediate distributors in multi-link supply chains.

Simply stated, Orlowski's proffered opinion testimony fails each element of the *Daubert-Kumho Tire* analysis and must be excluded.

## Conclusion

Plaintiff is incorrect in stating that "Orlowski has not used controversial principles or untested methodologies to arrive at his opinions." (Plaintiff's Memo. at 1). Orlowski has relied on <u>no</u> principle and <u>no</u> methodology in arriving at any of his opinions in this case, and, as such, his opinions necessarily are untested and controversial. In effect, plaintiff asks the Court to accept Orlowski as an expert in this case based on experience that is irrelevant to the opinions rendered and accept Orlowski's subjective opinions because he perceives them to be the self-evident truth, that needs no testing. (Exhibit C to Valmet Converting's Motion in Limine at 89-90.) Nothing in the Federal Rules of Evidence and nothing in the case law interpreting those rules requires the Court to admit opinion testimony that, like Orlowski's, is "connected to existing data only by the *ipse dixit* of the expert." *Polaino v. Bayer Corp.*, 122 F.Supp.2d 63, 66 (D. Mass 2000). Indeed, admitting Orlowski's opinion testimony would be error. *See Kumho Tire,* 526 U.S. at 157-58;

*Daubert*, 509 U.S. at 597.  Accordingly, Valmet Converting respectfully asks the Court to exercise its gatekeeping function to exclude the testimony of John Orlowski in its entirety.

Date:  August 18, 2006                                    Respectfully submitted,


                                                          /s/ David L. Kelleher
                                                          David L. Kelleher, Esq. (B.B.O. #543912)
                                                          Thelen Reid & Priest, LLP
                                                          701 Eighth Street, N.W., Suite 800
                                                          Washington, DC 20004
                                                          (202) 508-4000

                                                          Mark Petersen, Esq. (B.B.O. #396840)
                                                          Michelle Hansen, Esq. (B.B.O. #561477)
                                                          Law Offices of Mark Petersen
                                                          490 Shrewsbury Street
                                                          Worcester, MA  01604
                                                          (508) 791-0300

                                                          Attorneys for Defendant Valmet Converting, Inc.